UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RODNEY LAMONT CAMERON, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV922 |
| v. ) | 1:01CR411-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner convicted and sentenced in this Court, filed what the Court treated as a Motion [Doc. #64] to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Petitioner was convicted of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1). He was later sentenced to 208 months imprisonment to be followed by five years of supervised release based on a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Petitioner's current Motion challenges his sentence under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, Petitioner previously filed a Motion under § 2255 (1:04CV723), which rendered the current Motion a second or successive Motion that the Court would lack jurisdiction to hear. Therefore, the Court entered an Order [Doc. #82] holding the current Motion in abeyance pending resolution of similar jurisdictional issues raised in United States v. Surratt, No. 14-6851 (4th Cir.), which was pending before the United

States Court of Appeals for the Fourth Circuit. However, the Fourth Circuit later dismissed the appeal in Surratt as moot based on the President's commutation of the sentence in that case, which meant that the decision in Surratt did not address the jurisdictional issues in the present case. See United States v. Surratt, 855 F.3d 218 (4th Cir. 2017), cert. denied, ___ U.S. ___, 138 S. Ct. 554 (2017). This Court then continued the stay in these types of cases pending a decision in United States v. Wheeler, No. 16-6073, which was before the Fourth Circuit and which involved the same jurisdictional issues as did Surratt. The Fourth Circuit subsequently issued its decision in Wheeler, concluding that the court would lack jurisdiction over a second or successive motion under § 2255, but that the court could consider such a claim under 28 U.S.C. § 2241, based on the Savings Clause of § 2255, where the claim raised a Simmons challenge to "a sentence issued with an erroneously increased mandatory minimum." United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). The Fourth Circuit denied *en banc* review and denied a request for stay of the mandate, and the mandate in Wheeler issued on June 26, 2018. United States v. Wheeler, 886 F.3d 415, en banc rev. denied, 734 F. App'x 892, stay of mandate denied, No. 16-6073, Order dated June 18, 2018 (4th Cir. 2018).

The Court considered lifting the stay in light of Wheeler, but observed that only Petitioner's sentence, not his conviction, was potentially affected by Simmons and that Petitioner completed his sentence of imprisonment while the case was stayed. Therefore, it was not clear whether or not Petitioner still wanted to pursue the case. The Court entered an Order [Doc #83] directing Petitioner to notify the Court within 30 days if he wished to proceed. It also informed Petitioner that if he failed to respond, the undersigned would recommend that the § 2255 Motion be dismissed without prejudice. More than 30 days have

2

now passed and Petitioner did not respond to the Order. Accordingly, the undersigned will recommend that the matter be dismissed without prejudice. Any pending motions in the case should be terminated.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #64] to vacate, set aside, or correct sentence be dismissed without prejudice and that all pending motions in the case be terminated.

This, the 15th day of January, 2019.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge